IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal Case No. 25-cr-146 (JEB)** |
| | : | |
| Kiyel Tyquello Kearney, | : | |
| Also known as " Kiyel Kearney," | : | |
| "Kyiel Kerarney," "Kiyiel Kearney," | : | |
| and "Kiyel T. Kearney," | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing as to Defendant Kiyel Tyquello Kcarney (hereafter, the "defendant"). For the reasons set forth below, the United States respectfully requests that the Court impose a sentence of 24 months imprisonment on Count One, and 24 months imprisonment on Count Two – ***consecutive*** to each other, for a total sentence of 48 months imprisonment. As described more fully below, this sentence holds the defendant accountable for two completely different firearms convictions, on different dates, under different circumstances, different charges, and different firearms. The government would also request the Court impose a 36 month term of Supervised Release and a $200 Special Assessment. This sentence is sufficient but no greater than necessary to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a),

## PROCEDURAL AND FACTUAL BACKGROUND

On May 20, 2025, a federal grand jury returned a three-count Indictment charging the defendant with two counts of Unlawful Possession of a Fireman and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation

1

of l8 U.S.C. Section 922(g) (Counts One and Two); and Contempt, in violation of 11 D.C. Code Section 944(a) (Count Three).

On January 16, 2026, the Defendant pled guilty to Counts One and Two of an Information [ECF No. 16], charging him with Count One, Unlawful Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1);  and Count Two, Unlawful Possession of a Firearm (Prior Conviction), in violation of 22 D.C. Code, Section 4503 (a)(1), (b)(1) (2001 ed.). Sentencing is scheduled for April 28, 2026.

The relevant facts underlying the charge in this case are set forth in summary fashion in the Statement of Offense Electronic Case Filing (ECF No. 21) and the Presentence Investigation Report ("PSR") (ECF No. 23).  Below is a more fulsome description of the defendant's criminal conduct on May 10, 2025, and May 12, 2023.

**1.  May 10, 2025 Unlawful Firearm Possession**

On May 10, 2025, at approximately 11:45 p.m., members of the Metropolitan Police Department ("MPD") received a ShotSpotter notification of gunfire in the 1200 block of Harvard Street NW, Washington D.C. Following the gunshots, MPD officers responded to the area and observed a gray Acura sedan occupied by four individuals speeding and disregarding a red light at the intersection of Sherman Ave N.W., and Harvard Street N.W.  Officers observed the vehicle entering the opposing lanes of traffic in the 100 block of Michigan Ave N.W.  Officers lost sight of the vehicle before it appeared again in the 200 block of Michigan Ave N.W.  Officers observed the vehicle lose control and crash. The four occupants, including the defendant, exited the car and fled on foot.

 MPD officers pursued the defendant as he was observed running with one free hand, with his other hand appearing to be holding his waist area, consistent with preventing a firearm from

falling from his body.  Following a foot pursuit through the active lanes of traffic on North Capitol Street, N.W. the defendant slipped and fell to the ground and surrendered to MPD officers.  Officer Stanford conducted a pat-down search of the defendant and felt a hard metal object consistent with a firearm inside his compression shorts near his inner left thigh, (*see* Body Worn Camera video from MPD Officer Patrick Stanford marked as Exhibit 1.[1]  Further inspection revealed the object to be a semiautomatic Glock 33 .357 caliber pistol, S/N BVNV006, with 14 rounds of ammunition in a 15-round capacity magazine, (*see* Exhibit 2 below).

**Exhibit 2, location of firearm recovered from the defendant**



The firearm was fully functional.  Below is a photograph of the firearm and magazine, (*see*

---

1       All video clips will be provided to the Court and defense counsel via USAFX.  The government has previously provided defense counsel all of the videos as part of its discovery obligations.

Exhibit 3).

**Exhibit 3, firearm and magazine recovered from the defendant**



Additionally, MPD detectives followed up with the ShotSpotter notification detailed above. MPD detectives were able to obtain closed caption television (CCTV) for the area in the alley of the 1300 Block of Columbia Road, N.W., shortly before the 11:45 p.m., ShotSpotter alert.

As the Court can see from CCTV video clips marked as Exhibits 4 through 8, the defendant was in the alley of the 1300 Block of Columbia Road, N.W., shortly before the ShotSpotter alert. The defendant can be seen interacting with other individuals and appears agitated. In Exhibit 7 at 00:45, the defendant is seen removing a backpack from his body and then retrieving a long gun. At about 1:00 in Exhibit 7, the video shows an unknown individual discharge a firearm on the staircase (with an MPD SUV present). As the defendant is fleeing on foot, at about 1:06, he shoots the long gun numerous times in the direction of the alley. Exhibit 8 shows at least three other individuals discharging firearms as a result of the defendant's shooting. A bystander was struck in the chin and head by a stray bullet and was taken to the hospital; it is unclear which firearm

4

caused the injury.

MPD crime scene recovered multiple 5.56 shell casing from the area where the defendant

is seen firing the long gun in Exhibit 7 (*see* Below Exhibit 9, the recovered shell casings).

**Exhibit 9, 5.56 shell casings recovered**





In sum, the defendant possessed two different firearms on May 10, 2025, discharging

one, and fleeing from police with the other firearm, all while he was barred from the 1300 Block

of Columbia Road, N.W., while he knew he had felony convictions, and was not permitted to

possess firearms.

### 2.  May 12, 2023 Unlawful Firearm Possession

On May 12, 2023, at approximately 9:49 p.m., MPD officers observed the defendant

standing with a group of individuals in the 1300 Block of Columbia Road, N.W., and officers knew

the defendant from previous encounters and knew the defendant had an outstanding warrant for a May 3, 2023 Eluding/Disregard Police – Felony, out of Arlington County, Virginia, which was later dismissed.  PSR at ¶43.  While being transported, the defendant dropped a Glock 43x 9mm firearm from his person to the floorboard of the police transport vehicle.  The firearm had a bullet in the chamber, 8 rounds in a magazine, and was reported stolen out of Atlanta, Georgia.  At the time of this offense, the defendant knew he had felony gun convictions detailed below and was not permitted to possess firearms.

## GUIDELINES CALCULATION

United States Probation Senior Officer Hana Field correctly calculated the defendant's Guidelines for Count One as 18 to 24 months imprisonment, PSR at ¶85, and for Count Two D.C. Voluntary Guidelines as 14 to 32 months imprisonment, PSR at ¶86.  The defendant's criminal history category for Count One is III, PSR at ¶39, and for Count Two total criminal score is C, PSR at ¶41.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence that is sufficient, but not greater than necessary, to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . to protect the public from further crimes of the defendant;" and to "provide the defendant with needed educational or vocational training."  18 U.S.C. § 3553(a)(2).  In addition, the Court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant;" the types of sentences available, the Sentencing Guidelines; any pertinent policy statements; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims.  *Id.* § 3553(a).

The listed factors in 18 U.S.C. § 3553(a) include the following:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;
2) The need for the sentence imposed –
      a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      b) To afford adequate deterrence to criminal conduct;
      c) To protect the public from further crimes of the defendant; and
      d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) The kinds of sentences available;

4) The kinds of sentence and the sentencing range established for –
      a) The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
            i) Issued by the Sentencing Commission . . . ; and
            ii) That . . . are in effect on the date the defendant is sentenced

5) Any pertinent policy statement –
      a) Issued by the Sentencing Commission . . . and
      b) That . . . is in effect on the date the defendant is sentenced

6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) The need to provide restitution to any victims of the offense.

Procedurally, after calculating the applicable Guidelines range, the Court should next consider all the applicable factors set forth in 18 U.S.C. § 3553(a). Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007).

## **SENTENCING RECOMMENDATION**

All of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should be considered by this Court. *See United States v. Gall,* 128 S.Ct. 586 (2007). As stated above, the United States respectfully requests that the Court sentence the defendant to 24 months

imprisonment on Count One, and 24 months imprisonment on Count Two – **consecutive** to each other, for a total sentence of 48 months imprisonment, with 36 month term of Supervised Release and a $200 Special Assessment.  For the reasons detailed below, the United States respectfully submits that such a sentence is sufficient, but not greater than necessary, to serve the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

Nature and Circumstances of the Offense

As described above, the May 10, 2025 Unlawful Possession of a Firearm and Ammunition charge, is more than just a gun possession offense.  First, the defendant was barred from the 1300 Block of Columbia Road, N.W., by court order  At the time of the offense, he was not permitted to be in the location, let alone at night with a long gun hidden in his backpack.  Next, not only was the defendant barred from the area and not permitted to possess firearms, but he also fired the long gun numerous times, with at least three other individuals returning fire with their weapons. Additionally, there were numerous individuals present when the defendant in an agitated state randomly fired the long gun in the direction of others.  A bystander was struck in the chin and head with stray bullets, requiring medical attention.  It is unclear which shooter struck the victim, but it goes without saying the defendant created a grave risk to the safety of others by randomly firing his long gun into a crowded area, *see* Exhibits 4-8.

Furthermore, shortly after the above-described shooting incident, the vehicle the defendant was fleeing in took police on a high speed chase violating traffic laws and at one point traveling at a high rate of speed in the oncoming traffic lane.  The fleeing vehicle stopped and four individuals including the defendant fled on foot. An MPD officer pursued the defendant who knew he was being chased and ran across oncoming traffic on North Capitol Street, N.W., (*see* Exhibit 1, MPD Officer Stanford's BWC).  Once apprehended, the defendant had a loaded firearm hidden

in his waist area.

Lastly, the defendant committed this offense while he had the May 12, 2023 Unlawful Possession of a Firearm (Prior Conviction), offense pending in D.C. Superior Court, which is Count two of the Information.

Put simply, the nature and circumstances of the offense, given that multiple firearms are involved and the defendant discharged one of the weapons into a crowd of individuals, are compelling, serious and warrant the requested sentence.

Defendant's History and Characteristics

The defendant is 23 years old (PSR at Page 3). At the sentencing for Counts One and Two of the Information in this case, the Court will sentence the defendant for his fifth and sixth convictions for gun offenses, PSR at ¶34-36, 42. The defendant was also charged on May 15, 2023 for eluding police, which was later dismissed PSR at ¶43.

Regarding the defendant's first firearms conviction in 2021, the criminal event involved two firearms, one with a large capacity ammunition feeder, and the defendant fled from police PSR at ¶34. In 2022, the defendant was again charged and convicted for possessing a firearm. In that case, the defendant had a loaded firearm and 10 ounces of Promethazine. On November 14, 2023, a bench warrant was issued for the defendant for violating the terms of his supervised probation. PSR at ¶35.

In 2023, the defendant was again charged and pled guilty to a firearms offense. In that case, the defendant illegally purchased a firearm from a Virginia Federal Firearms Licensee. Law enforcement attempted to conduct a traffic stop on the vehicle the defendant was operating. The defendant fled in the vehicle speeding through an area with pedestrians and traffic. The defendant was sentenced to 18 months imprisonment, and is on bench warrant status in that case. PSR at

9

¶36.    The defendant also  has a 2019 firearms conviction, that was later dismissed PSR at ¶42.

In sum, for the past seven years the defendant has either been charged with violating the law, serving sentences for criminal convictions, or on court-ordered supervision and violating supervision by committing new crimes. The defendant now has six firearms convictions at the age of 23 years old, and  has shown a consistent and conscious disregard for criminal laws and society's norms, and flagrant disrespect for court orders.  The defendant's history and character weigh in favor of the government's recommended sentence. This sentence reflects the seriousness of the offense, provides just punishment for the offense, affords adequate deterrence to the defendant and others, protects the public from further crimes of the defendant, and provides the defendant with needed correctional treatment.

Concurrent vs Consecutive Sentence

The Court should sentence the defendant to consecutive sentences.  These two firearms convictions happened at separate times, involved separate firearms, two completely different events, and there should be accountability for each event.  More importantly, the Court should send a message that the repeated illegal possessing of firearms will not be tolerated.  The discharge of firearms and fleeing from the police will have consequences.  If the defendant's actions continue, they will result in the death of a citizen, police officer, or himself.  For these reasons, a consecutive sentence is warranted.

Pursuant to 18 U.S.C. Section 3584(a) ". . . if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run currently or consecutively . . .."  Additionally, "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).  18

U.S.C. Section 3584(b).  "Firmly rooted in common law is the principle that the selection of either concurrent or consecutive sentences rests within the discretion of sentencing judges." *Oregon v. Ice*, 555 U.S. 160, 168-69 (2019); *Setser v. United States*, 132 S.Ct. 1463, 1465 (2012); *United States v. Wilson*, 2019 WL 481752 at 2-3 (D.D.C. 2019).  In *United States v. Brown*, 131 F.4th 337 (6th Cir. 2025), the Court explained its rationale for sentencing the defendant in two separate federal offenses.  In *Brown*, the defendant pled guilty to two separate charges, one a conspiracy to distribute methamphetamine and the second felon in possession of a firearm.  *Id*. at 342.  In addressing the defendant being sentenced to consecutive sentences, the Sixth Circuit noted that:

> district courts already look to the § 3553(a) factors to determine a sentence's length. We don't make them repeat the § 3553(a) analysis when deciding to impose a consecutive sentence.  That would be repetitious and unwarranted.  Instead, a district court must make generally clear its rationale for imposing a consecutive sentence.  And the court is free to intertwine its discussion of the length of the defendant's sentence with its determination that the terms of imprisonment should run consecutively.

*Id*. at 349 (internal citations and quotations omitted).  "Brown received a 48-month sentence for that offense, two months from the bottom of his Guidelines range.  And when imposing this sentence, the court explained that it would run consecutively to any penalty imposed for the drug conspiracy case.  Otherwise, the 48-month sentence would not provide sufficient punishment for Brown's separate criminal conduct." *Id*.

Lastly, a consecutive sentence is necessary to properly account for his commission of two distinct crimes.  As noted in *Brown*, cited above, defendants should be held accountable for their conduct; the fact that both offenses are firearms offenses should have no weight.

11

## CONCLUSION

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a sentence of 48 months imprisonment is warranted.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By: _____/s/_____
Anthony Scarpelli
Assistant United States Attorney
D.C. Bar Number 474711
Anthony.Scarpelli@usdoj.gov
(202) 252-7707

Daniel Seidel
Assistant United States Attorney
CO Bar Number 41521
Daniel.Seidel@usdoj.gov

U.S. Attorney's Office for the District of Columbia
601 D Street NW, Washington, D.C. 20530